**UNITED STATES of America,**
**Plaintiff,**

v.

**CERTAIN REAL PROPERTY,**
**et al., Defendants.**

No. CV 06–J–1102–NE.

United States District Court,
N.D. Alabama,
Northeastern Division.

April 2, 2008.

James D. Ingram, William C. Athanas, Alice H. Martin, Jenny L. Smith, W. Sander Callahan, U.S. Attorney's Office, Birmingham, AL, for Plaintiff.

Henry Frohsin, James F. Barger, Jr., Catherine C. Long, J. Elliott Walthall, Baker Donelson Bearman Caldwell & Berkowitz PC, Birmingham, AL, for Defendants.

### ORDER

INGE PRYTZ JOHNSON, District Judge.

Pending before the court is the government's Motion to Dismiss Action, which moves the court to dismiss this civil forfeiture action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (doc. 53). The claimants in this action, Axion Corporation, Alex Nooredin Latifi, and Beth Latifi, filed a response which did not oppose dismissing the action, but asserted that it should be dismissed with prejudice (doc. 54). The claimants contend that if the action is dismissed with prejudice, then they are entitled to recover attorneys' fees and costs under the Civil Asset Forfeiture Reform Act ("CAFRA"), 28 U.S.C. § 2465(b)(1) (doc. 54).

 The threshold question is whether this case is due to be dismissed with or without prejudice. When a case is dismissed pursuant to Rule 41(a)(2), it is without prejudice unless the dismissal order specifies otherwise. Fed. R. Civ. Pro. 41(a)(2). The district court enjoys broad discretion when considering whether to dismiss an action with or without prejudice. *Chazen v. Deloitte & Touche, LLP,* 2003 WL 24892029 at *3 (11th Cir.); *see also Auto–Owners Ins., Co. v. Dixon,* 2006 WL 2374792 at *1 (M.D.Ga.). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Stephens v. Georgia Dept. of Transportation,* 134 Fed.Appx. 320, 323 (11th Cir. 2005).

 The court is of the opinion that this case is due to be **DISMISSED WITH PREJUDICE** based on the judgment of acquittal entered by this court in the related criminal case, *United States of America v. Axion Corporation & Alexander Nooredin Latifi,* No. 5:07–CR–0098–IPJ–PWG (N.D.Ala.2007). The court finds that it is clear from the government's actions since the judgment of acquittal was entered in the criminal case that the government has no intention of further pursuing this civil forfeiture action. Indeed, the government initially filed a motion to dismiss this case with prejudice (doc. 39). The government only withdrew its motion to dismiss with prejudice after it realized that a dismissal with prejudice might entitle the claimants to recover their attorneys' fees and costs (doc. 41).

The government has also admitted that it does not intend to further pursue this matter in multiple filings before this court. For example, in the government's motion to withdraw its motion to dismiss, the government stated that it "did not anticipate filing a subsequent, identical forfeiture action against the named defendant properties." (doc. 45). In addition, the government agreed to return the seized property following the claimants' acquittal in the criminal case (doc. 43). Given that the government has no intention of pursuing this civil forfeiture action, the court can find no reason why this action should not be dismissed with prejudice. This action

is thus due to be DISMISSED WITH PREJUDICE.

■ Having determined that this action is due to be dismissed with prejudice, the court must next decide whether the claimants are entitled to their attorneys' fees and costs under the Civil Asset Forfeiture Reform Act ("CAFRA") pursuant to their pending motion for such fees and costs (doc. 41). CAFRA provides that

> in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for—
>
> (A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant;
>
> (B) post-judgment interest, as set forth in section 1961 of this title.

28 U.S.C. § 2465(b)(1)(A). The dispositive issue is therefore whether the claimants have substantially prevailed where the case is dismissed with prejudice.

There are no cases that are directly on point with this case; i.e., addressing whether the defendant/claimant substantially prevails in instances where the case is dismissed with prejudice. However, the Supreme Court has considered several fee-shifting statutes that award attorneys' fees under the "prevailing party" standard and has consistently held that such statutes prohibit an award of fees to the plaintiff unless the court awards relief on the merits, either through a judgment on the merits or through a settlement agreement enforced through a consent decree. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Department of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (addressing a request for attorneys' fees under the Fair Housing Amendments Act and the Americans with Disabilities Act); *see also Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (addressing a request for attorneys' fees under the Civil Rights Attorney's Fees Awards Act of 1976).

In *Buckhannon*, the Supreme Court rejected the so-called "catalyst theory," which maintained that a plaintiff obtained relief on the merits if the plaintiff achieved its desired result due to the defendant's voluntary change in conduct. *Buckhannon*, 532 U.S. at 600, 121 S.Ct. 1835. In rejecting this theory, the Court explained that the critical focus is not on the defendant's voluntary change in conduct, but rather whether there is a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605, 121 S.Ct. 1835. The Court held that a defendant's voluntary change in conduct, even if it accomplishes what the plaintiff sought to achieve, lacks the necessary "judicial imprimatur on the change." *Id.*

Since *Buckhannon*, two courts of appeal have addressed the issue of whether the defendant is the "prevailing party" when the case is dismissed with prejudice. Relying on *Buckhannon*, the Seventh Circuit Court of Appeals held that the defendant qualified as a "prevailing party" entitled to attorneys' fees where the district court dismissed the case with prejudice following the plaintiff's motion to dismiss. *Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir.2005). The court analyzed the issue as follows:

> [i]n arguing that a voluntary dismissal fails the *Buckhannon* test, Claiborne is looking at the wrong end of the telescope. The critical fact is not what prompted the district court to act; it is instead what the district court decided to do. Here, the language of the district court's judgment makes it clear that a decision on the merits has been rendered: Claiborne's claims were dismissed *with prejudice*. This order effects a material alteration of her legal

relationship with the other parties, because it terminates any claims she may have had against them arising out of this set of operative facts. If she were to try to bring the same claim in the future, the defendants would be entitled to rely on a claim preclusion or *res judicata* defense.

*Id.*

Similarly, in *Highway Equipment Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed.Cir.2006), the court "concluded that as a matter of patent law, the dismissal with prejudice ... has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties."

The court is aware that there is some disagreement over whether the "prevailing party" standard and the "substantially prevailing" standard are the functional equivalent or two different standards. However, the Eleventh Circuit Court of Appeals stated in *Loggerhead Turtle v. County Council of Volusia County, Fla.*, 307 F.3d 1318, 1323 n. 4 (11th Cir.2002), that the differences between the two standards are inconsequential. *See also Oil, Chemical & Atomic Workers International Union, AFL–CIO v. Department of Energy*, 288 F.3d 452, 455–56 (D.C.Cir.2002) ("Consistent with our practice (and the Supreme Court's) of viewing the various fee-shifting statutes as interchangeable, we have in the past treated the 'substantially prevail' language in FOIA as the functional equivalent of the 'prevailing party' language found in other statutes"). Therefore, for purposes of this analysis the court is of the opinion that the "prevailing party" standard and the "substantially prevailing" standard should be treated as functional equivalents.

In light of the foregoing, the court finds that the claimants are entitled to recover attorneys' fees as the "substantially prevailing" party. The court's ruling dismissing the case with prejudice clearly "qualifies as a judicially qualified change in the legal relationship of the parties" and thus satisfies the standard announced in *Buckhannon*. As the court in *Claiborne* recognized, following this order dismissing the case with prejudice, the claimants will be able to rely on a *res judicata* defense if the government, no matter how unlikely, files another civil forfeiture action.

If the court were to side with the government and dismiss this case without prejudice and deny the claimants request for attorneys' fees under CAFRA it would render the fee-shifting provisions of CAFRA essentially meaningless. By way of example, the government would be allowed to avoid the fee-shifting provision of CAFRA in every subsequent case by seeking a stay in the civil case and pursuing the criminal case. If the government was unsuccessful in the criminal case then it could simply move to have the civil case dismissed without prejudice and sidestep the application of CAFRA. The court finds that this result would be contrary to the stated intent of CAFRA "to give owners innocent of any wrongdoing the means to recover their property and make themselves whole after wrongful government seizures." H.R. 192, 106th Cong. (1999). Therefore, CAFRA's stated purpose will be furthered by the court's decision to award attorneys' fees to the claimants in this case.

### Conclusion

Having considered the foregoing it is **ORDERED** that the claimants' motion for attorneys' fees is **GRANTED**. The claimants are thus entitled to recover reasonable attorneys' fees and costs along with interest pursuant to the provisions of CAFRA. In addition, having duly noted that the government has withdrawn its request for the issuance of a Certificate of Reasonable Cause (doc. 61), the court is of the opinion that the government's Motion

to Dismiss is also due to be **GRANTED** and therefore it is **ORDERED** that this case is **DISMISSED WITH PREJUDICE.**

In accordance with this decision, the claimants are allowed to submit evidence to substantiate their claim for attorneys' fees in **this** action by April 23, 2008. If the government wishes to file a response to the claimants' submissions, it may do so by May 7, 2008. If the claimants wish to reply to the government's submission, it may do so by May 14, 2008.

The court having ruled that claimants have substantially prevailed, the government's Motion for Reconsideration (doc. 64) is found **MOOT** as no additional discovery is deemed appropriate in this case.

The hearing presently scheduled for April 14, 2008, is **CANCELED.**