**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-56409 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-05672-SVW-PJW |
| v. | |
| KIYOKO ITO; et al., | MEMORANDUM[*] |
| Claimants - Appellants., | |
| _____, | |
| ONE 2008 TOYOTA RAV 4 SPORTS UTILITY VEHICLE, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted May 7, 2012
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: NOONAN and FISHER, Circuit Judges, and MUELLER, District Judge.[**]

Glenn and Kiyoko Ito appeal the district court's dismissal without prejudice of the government's civil forfeiture action. We vacate the district court's dismissal because it was based on an erroneous understanding of the law.

"When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). The district court abuses its discretion when it bases its decision on an erroneous view of the law. *See id.*

The district court did not recognize that dismissal without prejudice precludes prevailing party status. *See Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009); *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008); *see also Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003). Without prevailing party status, the Itos were unable to bring their attorney's fees motion under the Civil Asset Forfeiture Reform Act, 28 U.S.C. § 2465(b)(1) (2000). The Itos suffered plain legal prejudice in losing their ability to move for attorney's fees.

---

[**] The Honorable Kimberly J. Mueller, District Judge for the U.S. District Court for Eastern California, sitting by designation.

We **VACATE** the district court's dismissal without prejudice and

**REMAND** with instructions to dismiss with prejudice.