# United States Court of Appeals

## For the Eighth Circuit

_____

No. 11-3112

_____

Jane Doe, I; Jane Doe, II; John Doe, I; John Doe, II; John Doe, III; John Doe, IV

*Plaintiffs - Appellees*

v.

Jeremiah W. Nixon, in his official capacity as Governor for the State of Missouri;
Chris Koster, in his official capacity as Attorney General for the State of Missouri

*Defendants - Appellants*

Thomas O'Connor, in his official capacity as Chief of Police for the Maryland
Heights, Missouri, Police Department; Robert P. McCulloch, in his official
capacity as Prosecuting Attorney for St. Louis County, Missouri; Steven Kruse, in
his official capacity as Chief of Police for the Bowling Green, Missouri, Police
Department; Mark Fisher, in his official capacity as Prosecuting Attorney for Pike
County, Missouri; Carl A. Kinnison, in his official capacity as Chief of Police for
the Cape Girardeau, Missouri, Police Department; H. Morley Swingle, in his
official capacity as Prosecuting Attorney for Cape Girardeau County, Missouri

*Defendants*

James Corwin, in his official capacity as Chief of Police for the Kansas City,
Missouri, Police Department

*Defendant - Appellant*

Tim Fitch, in his official capacity as Chief of the St. Louis County, Missouri,
Police Department; Robert Boydston, in his official capacity as Sheriff of Clay
County, Missouri; Stephen Wayne Korte, in his official capacity as Sheriff of Pike
County, Missouri; John Jordan, in his official capacity as Sheriff of Cape
Girardeau County, Missouri; Tim Walsh, in his official capacity as Chief of Police

for the Manchester, Missouri, Police Department

*Defendant*s

Ronald K. Replogle, in his official capacity as Superintendent of the Missouri
Highway Patrol

*Defendant - Appellant*

_____

No. 11-3114

_____

Jane Doe, I; Jane Doe, II; John Doe, I; John Doe, II; John Doe, III; John Doe, IV

*Plaintiffs - Appellees*

v.

Jeremiah W. Nixon, in his official capacity as Governor for the State of Missouri;
Chris Koster, in his official capacity as Attorney General for the State of Missouri;
Thomas O'Connor, in his official capacity as Chief of Police for the Maryland
Heights, Missouri, Police Department

*Defendant*s

Robert P. McCulloch, in his official capacity as Prosecuting Attorney for St. Louis
County, Missouri

*Defendant - Appellant*

Steven Kruse, in his official capacity as Chief of Police for the Bowling Green,
Missouri, Police Department; Mark Fisher, in his official capacity as Prosecuting
Attorney for Pike County, Missouri; Carl A. Kinnison, in his official capacity as
Chief of Police for the Cape Girardeau, Missouri, Police Department; H. Morley
Swingle, in his official capacity as Prosecuting Attorney for Cape Girardeau
County, Missouri; James Corwin, in his official capacity as Chief of Police for the

-2-

Kansas City, Missouri, Police Department

*Defendant*s

Tim Fitch, in his official capacity as Chief of the St. Louis County, Missouri,
Police Department

*Defendant - Appellant*

Robert Boydston, in his official capacity as Sheriff of Clay County, Missouri;
Stephen Wayne Korte, in his official capacity as Sheriff of Pike County, Missouri;
John Jordan, in his official capacity as Sheriff of Cape Girardeau County,
Missouri; Tim Walsh, in his official capacity as Chief of Police for the Manchester,
Missouri, Police Department; Ronald K. Replogle, in his official capacity as
Superintendent of the Missouri Highway Patrol

*Defendant*s

_____

No. 11-3213

_____

Jane Doe, I; Jane Doe, II; John Doe, I; John Doe, II; John Doe, III; John Doe, IV

*Plaintiffs - Appellants*

v.

Jeremiah W. Nixon, in his official capacity as Governor for the State of Missouri;
Chris Koster, in his official capacity as Attorney General for the State of Missouri;
Thomas O'Connor, in his official capacity as Chief of Police for the Maryland
Heights, Missouri, Police Department; Robert P. McCulloch, in his official
capacity as Prosecuting Attorney for St. Louis County, Missouri; Steven Kruse, in
his official capacity as Chief of Police for the Bowling Green, Missouri, Police
Department; Mark Fisher, in his official capacity as Prosecuting Attorney for Pike
County, Missouri; Carl A. Kinnison, in his official capacity as Chief of Police for
the Cape Girardeau, Missouri, Police Department; H. Morley Swingle, in his

official capacity as Prosecuting Attorney for Cape Girardeau County, Missouri; James Corwin, in his official capacity as Chief of Police for the Kansas City, Missouri, Police Department; Tim Fitch, in his official capacity as Chief of the St. Louis County, Missouri, Police Department; Robert Boydston, in his official capacity as Sheriff of Clay County, Missouri; John Jordan, in his official capacity as Sheriff of Cape Girardeau County, Missouri; Stephen Wayne Korte, in his official capacity as Sheriff of Pike County, Missouri; Tim Walsh, in his official capacity as Chief of Police for the Manchester, Missouri, Police Department; Ronald K. Replogle, in his official capacity as Superintendent of the Missouri Highway Patrol

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: November 16, 2012
Filed: May 10, 2013
_____

Before RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Jeremiah W. Nixon, Chris Koster, James Corwin, and Colonel Ronald Replogle (the State Officials), and Colonel Tim Fitch and Robert P. McCulloch (the St. Louis County Officials) appeal the district court's August 25, 2011, order granting in part the plaintiffs' motion for attorneys' fees and granting the plaintiffs' motion to alter or amend the judgment to reflect the grant of attorneys' fees and costs. Jane Doe I, Jane Doe II, John Doe I, John Doe II, John Doe III, and John Doe IV (the Does) appeal the

-4-

district court's October 27, 2010, order dismissing the Does' claims as moot[1] and the district court's August 25, 2011, order to the extent it reduced the requested award of attorneys' fees. We affirm in part and reverse in part.

## I. BACKGROUND

Each of the Does was convicted of an offense for which he or she is required to register as a sex offender in Missouri. Each of the Does' convictions occurred prior to June 30, 2008, when the Missouri Legislature enacted Missouri Revised Statute § 589.426 (the Halloween statute). The Halloween statute provides:

> 1. Any person required to register as a sexual offender under sections 589.400 to 589.425 shall be required on October thirty-first of each year to:
>> (1) Avoid all Halloween-related contact with children;
>> (2) Remain inside his or her residence between the hours of 5 p.m. and 10:30 p.m. unless required to be elsewhere for just cause, including but not limited to employment or medical emergencies;
>> (3) Post a sign at his or her residence stating, "No candy or treats at this residence"; and
>> (4) Leave all outside residential lighting off during the evening hours after 5 p.m.
> 2. Any person required to register as a sexual offender under sections 589.400 to 589.425 who violates the provisions of subsection 1 of this section shall be guilty of a class A misdemeanor.

Mo. Rev. Stat. § 589.426.

---

[1]The Does do not appeal the district court's order to the extent it dismissed their claims against the State Officials.

On October 3, 2008, the Does[2] filed an initial complaint against the Governor and Attorney General of Missouri, as well as several county prosecutors and chiefs of police, in their official capacities, alleging that the Halloween statute violated various provisions of the United States Constitution and the Missouri Constitution.[3] The Does sought declaratory and injunctive relief under 28 U.S.C. § 2201 and 42 U.S.C. § 1983, as well as attorneys' fees and costs under 42 U.S.C. § 1988.

The Does filed a motion for preliminary injunction with their complaint, requesting that the Officials be prohibited from enforcing the Halloween statute on October 31, 2008. The motion was fully briefed, and a hearing was held on October 27, 2008. That same day, the district court issued an order granting the Does' motion for a preliminary injunction. Citing the four factors outlined in Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981), the district court concluded that the Does had carried their burden on all four factors and specifically indicated that the Does demonstrated a strong likelihood of success on the merits of their federal due process claim. See D. Ct. Order of Oct. 27, 2008, 1-2.

Several of the Officials appealed the district court's grant of the preliminary injunction and moved to have the order stayed pending the appeal. On October 30, 2008, this court granted the Officials' motion to stay the preliminary injunction without discussion, thus enabling the Officials to enforce the Halloween statute if necessary. Three days later, the Does moved to dismiss the Officials' appeal as moot,

---

[2]John Doe III and John Doe IV were not plaintiffs in the initial complaint, but were added as plaintiffs in the Does' first amended complaint filed on November 2, 2008.

[3]The Does added an additional prosecuting attorney, law enforcement officers, and the Superintendent of the Missouri State Highway Patrol as defendants in their first and second amended complaints. In addition, the Does substituted several of the initial defendants in favor of individuals who have assumed their elected office. For simplicity, we refer to the defendants collectively as "the Officials."

noting that the preliminary injunction was effective on October 31, 2008, only and had since expired of its own terms. We granted the Does' motion and dismissed the appeal.

The Does subsequently filed their first and second amended complaints, which also sought nominal damages, as well as a second motion for preliminary injunction. At the time the Does filed their second motion for preliminary injunction, there was litigation pending in the Missouri courts regarding an individual named Charles Raynor, who was charged with violating the Halloween statute on October 31, 2008. Raynor was a registered sex offender, whose conviction was entered prior to the Halloween statute's enactment. A Missouri circuit court dismissed the charge against Raynor, concluding that it violated the Missouri Constitution's prohibition on retrospective laws. Thereafter, the State of Missouri appealed the order dismissing the charges against Raynor to the Missouri Supreme Court, where it was consolidated with another case. See F.R. v. St. Charles Cnty. Sheriff's Dept., 301 S.W.3d 56 (Mo. 2010).

Several of the Officials moved the district court to stay the Does' action under the Pullman doctrine[4] until the Missouri Supreme Court rendered its decision in F.R. The district court granted the motion to stay on September 25, 2009, and denied without prejudice the Does' motion for a second preliminary injunction. On January 12, 2010, the Missouri Supreme Court affirmed the circuit court's dismissal of Raynor's charge in F.R., concluding that the Halloween statute violated the Missouri Constitution as applied to Raynor. See F.R. 301 S.W.3d at 66. The court held that because Raynor's conviction predated the Halloween statute's enactment, the statute violated the Missouri Constitution's prohibition on retrospective laws by imposing additional duties and obligations on Raynor that did not exist at the time of his conviction. See id. at 63-66.

---

[4]Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941).

Following the Missouri Supreme Court's decision in F.R., the State Officials and St. Louis County Officials moved the district court to dismiss the Does' action as moot. The moving Officials acknowledged that enforcing the Halloween statute against the Does, whose convictions, like Raynor's, predated the Halloween statute's enactment, would be unconstitutional. In support of this motion, the moving Officials admitted that they could not and would not enforce the Halloween statute against the Does. State Officials Koster, Nixon, Corwin, and Replogle, filed a declaration stating that

> in accordance with the holding of the Supreme Court of Missouri in F.R. v. St. Charles County Sheriff's Dept., 301 S.W.3d 56 (Mo. Banc 2010), [they], their officers, agents, servants, employees, attorneys, and all persons acting on their behalf cannot and will not enforce Mo. Rev. Stat. § 589.426 against plaintiffs based on convictions occurring prior to its effective date.

See Appellees/Cross-Appellants' App. 8-9. Based in part upon this acknowledgment, the district court concluded that the Does' claims were moot because there was no reasonable expectation that they would be prosecuted under the Halloween statute and that consequently the Does no longer had standing to proceed. See D. Ct. Order of Oct. 27, 2010, at 5-6. Moreover, because mootness and standing are questions of subject matter jurisdiction, the district court concluded that the dismissal of the Does' action was necessary as to the non-moving Officials as well. See id. at 8. In an order of dismissal issued with its opinion, the district court ordered that the Does bear the costs of the action.

Thereafter, the Does moved for attorneys' fees and costs as prevailing parties under 42 U.S.C. § 1988 and to alter or amend the October 27, 2010, order to reflect the grant of attorneys' fees and costs to the Does. The district court granted in part the Does' motion for attorneys' fees, concluding that they were prevailing parties because they had received a preliminary injunction, and granted the motion to alter or amend

the judgment. See D. Ct. Order of Aug. 25, 2011, 4-8. The district court held that the Does were entitled only to those attorneys' fees incurred through the date of the preliminary injunction. It therefore reduced the award of attorneys' fees and costs from the $60,967.50 requested by the Does to $22,810.00. See id. at 10-12.

## II. DISCUSSION

A. Attorneys' Fees and Costs Under § 1988

The State Officials and St. Louis County Officials argue that the district court erred in awarding the Does attorneys' fees and costs as prevailing parties under § 1988. "We review de novo both the determination of whether a litigant is a prevailing party[] and the legal issues related to the award of attorney fees[.]" Advantage Media, L.L.C., v. City of Hopkins, Minn., 511 F.3d 833, 836 (8th Cir. 2008) (internal quotation marks and citations omitted).

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 602 (2001). An exception to this general rule applies when Congress has provided explicit statutory authority for awarding fees to a prevailing party. See id. Such a grant of authority is found in 42 U.S.C. § 1988(b), which provides that "[i]n any action or proceeding to enforce a provision of . . . [§]1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]"

"The test for prevailing party [as] explained by [the] Supreme Court is that 'a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" Advantage Media, 511 F.3d at 836 (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)). "The Supreme Court refined this

standard in <u>Buckhannon</u> when it rejected the 'catalyst' theory, . . . which permitted a plaintiff to recover fees if its lawsuit achieved the desired result through a voluntary change in the defendant's conduct." <u>Id.</u> at 836-37. "Instead, the Court held that, to be a prevailing party entitled to a statutory attorneys' fee award, a party must obtain a *judicially sanctioned* material alteration of the legal relationship of the parties to the lawsuit." <u>N. Cheyenne Tribe v. Jackson</u>, 433 F.3d 1083, 1085 (8th Cir. 2006); <u>see</u> <u>Buckhannon</u>, 532 U.S. at 605 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change.").

We recently analyzed the "prevailing party" determination in the context of a preliminary injunction in <u>Rogers Group, Inc. v. City of Fayetteville, Arkansas</u>, 683 F.3d 903 (8th Cir. 2012). In <u>Rogers Group</u>, we acknowledged that "a preliminary injunction can in some instances carry the judicial imprimatur required by <u>Buckhannon</u> to convey prevailing party status." <u>Id.</u> at 909-10 (internal quotation marks omitted). To determine whether the preliminary injunction had created prevailing party status, we applied three core principles derived from the Supreme Court's analysis in <u>Buckhannon</u>, and identified in <u>Select Milk Producers, Inc. v. Johanns</u>, 400 F.3d 939, 947 (D.C. Cir. 2005). <u>Rogers Group</u>, 683 F.3d at 910. Those three principles are:

> First, in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant. (Citing <u>Buckhannon</u>, 532 U.S. at 604, 121 S. Ct. 1835.)
>
> Second, a prevailing party is a party in whose favor a judgment is rendered, regardless of the amount of damages awarded. (Citing <u>Buckhannon</u>, 532 U.S. at 603, 121 S. Ct. 1835.)

-10-

Third, a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief. (Citing Buckhannon, 532 U.S. at 606, 121 S. Ct. 1835.)

Rogers Group, 683 F.3d at 910 (quoting Select Milk, 400 F.3d at 947).

The Does contend that they should be considered prevailing parties on the basis of the district court's October 27, 2008, order granting the Does' request for a preliminary injunction and the district court's October 27, 2010, order dismissing the Does' claims as moot.

1. Preliminary Injunction

The district court concluded that the Does were prevailing parties because they "won the only 'battle' that was determined on the merits and would have won the war but for the doctrines of avoidance and abstention in combination with defendants' wise retreat." D. Ct. Order of Aug. 25, 2011, at 5-6. The Supreme Court has held that "[a] plaintiff who achieves a transient victory at the threshold of an action can gain no award under that fee-shifting provision if, at the end of the litigation, her initial success is undone and she leaves the courthouse emptyhanded." Sole v. Wyner, 551 U.S. 74, 78 (2007).

In Sole, the plaintiff sought to enjoin state park officials from enforcing an anti-nudity rule in effect for state parks. Id. at 78-79. The plaintiff wished to organize an antiwar artwork consisting of nude individuals assembled into a peace sign on a beach in the park. Id. at 78. The plaintiff was granted the preliminary injunction and she assembled her artwork in the park as planned. Id. at 79-80. Thereafter, the plaintiff sought a permanent injunction, but the district court granted the state park officials' motion for summary judgment on the merits. Id. at 80. Nevertheless, the district court concluded that the plaintiff was a prevailing party because she had

-11-

obtained a preliminary injunction that actually prohibited the police from interfering with the nude artwork. Id. at 81. The Supreme Court disagreed, holding that "[p]revailing party status . . . does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case." Id. at 83.

The Does achieved an even less significant victory with their preliminary injunction than did the plaintiff in Sole. Although when granted the preliminary injunction prohibited the enforcement of the Halloween statute on October 31, 2008, it was stayed before it had any effect. In effect then, the stay of the preliminary injunction, which expired of its own terms on November 1, 2008, resulted in the Does leaving the courthouse emptyhanded, their initial success having been undone without a change in the parties' legal relationship.

We conclude that this is the type of transient victory that the Supreme Court has indicated is not entitled to an award under a fee-shifting provision. See Sole, 551 U.S. at 78. As we have noted, "a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief." Rogers Group, 683 F.3d at 910 (internal quotation marks omitted). Although the district court's order granting the preliminary injunction may have served as a court-ordered change in the parties' legal relationship, this change was never realized because of our stay of that order. Thus, the district court's October 27, 2008, order effectively served as a judicial pronouncement without judicial relief and did not confer prevailing party status upon the Does.

2. Dismissal on Mootness Grounds

The Does argue next that the district court's order dismissing their case on mootness grounds confers prevailing party status upon them. The Does contend that

the Officials' "admissions forced a judicial order recognizing § 589.426 cannot be applied to Plaintiffs and, only after the admission was judicially sanctioned, Plaintiffs' claims are, arguably, moot." Appellees/Cross-Appellants' Principal and Resp. Br. 19-20. Moreover, "[n]ow that Defendants have achieved dismissal of Plaintiffs' case as moot based on their admissions, Defendants are bound by those admissions." Id. at 20.

The Does, however, miss the point that underscores the Officials' admission; it was a voluntary action taken by the Officials' in the Does' lawsuit. The Does implicitly acknowledge this fact later, by arguing that the decision in F.R. "certainly provided writing on the wall, . . . [but it] did not prevent Defendants from fighting on in the district court or from attempting to enforce § 589.426 against Plaintiffs." Id. at 21. What ultimately halted the Officials was not a judicially sanctioned order, or a victory of any type by the Does; rather, it was the decision in F.R. and the Officials' voluntary cessation of the threat of prosecution that brought about mootness.

As noted above, the Supreme Court has rejected the catalyst theory in determinations of prevailing party status, and has made clear that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." Buckhannon, 532 U.S. at 605. In Northern Cheyenne Tribe, we recognized that

> Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims. For only in that event has there been a determination of the 'substantial rights of the parties,' which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney.

-13-

N. Cheyenne Tribe, 433 F.3d at 1086 (quoting Hanrahan v. Hampton, 446 U.S. 754, 758 (1980)).

We find the Does' attempt to create the necessary judicial imprimatur after the Officials' voluntary change unpersuasive. We pointed out in Rogers Group that this is the type of situation that does not confer prevailing party status:

> If the [City] had acted to moot this case through voluntary cessation before there was a judicially sanctioned change in the legal relationship of the parties, [Rogers Group] would not have been [a] "prevailing part[y]."

Rogers Group, 683 F.3d at 911 (quoting Select Milk, 400 F.3d at 193 (internal quotation marks omitted)). The dismissal on mootness grounds in the instant case was not the result of the Does prevailing on the merits of any of their claims. Instead, it was the product of a voluntary change adopted by the Officials' in the face of the Missouri Supreme Court's decision in F.R. Under these circumstances, the Does are not entitled to prevailing party status simply because the voluntary change in conduct is recognized in an order of dismissal. See Singer Mgmt. Consultants, Inc. v. Milgram, 650 F.3d 223, 231-32 (3d Cir. 2011) (en banc) (rejecting argument that the defendant's voluntary concession which mooted plaintiffs' claims, resulting in dismissal, conferred prevailing party status); Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt., 589 F.3d 1027, 1033 (9th Cir. 2009) (holding that order of dismissal could not confer prevailing party status because "[a]s a matter of law and logic, the district court cannot have awarded Klamath any relief if it dismissed the case because it could not grant relief. And that is exactly what a dismissal on mootness or ripeness grounds means").

Because neither basis identified by the Does confers prevailing party status upon them, we reverse the district court's grant of attorneys' fees and costs to the Does under § 1988, as well as the district court's amendment of the judgment under Rule 59 to reflect the award of attorneys' fees and costs. Because they are not entitled

to attorneys' fees, their appeal of the district court's reduction of fees is accordingly dismissed as moot.

B. District Court's Mootness Determination

The Does contend that the district court erred in determining that their claims had been mooted and, therefore, that the Does lacked standing. Thus, they argue that the district court should not have dismissed their second amended complaint for lack of jurisdiction.[5] We review de novo a district court's grant of a motion to dismiss for lack of jurisdiction. Flores v. United States, 689 F.3d 894, 900 (8th Cir. 2012); see also Charleston Hous. Auth. v. U.S. Dep't of Agric., 419 F.3d 729, 739 (8th Cir. 2005) ("Questions of mootness are matters of subject matter jurisdiction that we review de novo.").

"[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal quotation marks omitted). "A case becomes moot if it can be said with assurance that there is no reasonable expectation that the violation will recur or if interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Kennedy Bldg. Assocs. v. Viacom, Inc., 375 F.3d 731, 745 (8th Cir. 2004). "The heavy burden of persua[ding] the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (internal quotation marks omitted).

---

[5]The only portion of the district court's dismissal order with which the Does take issue is the determination of mootness. Accordingly, we limit our discussion of the district court's order to the appropriateness of that determination.

The Does contend that the district court erred in concluding that the Officials had carried their burden of demonstrating that the challenged conduct cannot reasonably be expected to recur. The Does contend that the Missouri Supreme Court's decision in F.R. was an as-applied challenge that is binding only as to Raynor. The Does contend that the Halloween statute is thus still on the books and that even after the decision in F.R., it still applies to them on its face. They argue further that the Officials' admission that the Halloween statute is not enforceable following F.R. is insufficient to bring a halt to their challenge to the Halloween statute because they still "reasonably fear arrest and prosecution under § 589.426 if they do not alter their behavior to conform to its dictates." Appellees/Cross-Appellants' Principal and Resp. Br. 29.

The district court did not err in concluding that there was no longer a reasonable expectation that enforcement of the Halloween statute as to the Does would occur. Although F.R. was an as-applied challenge, the Does point to no fact or circumstance that distinguishes them from Raynor such that F.R. would be inapplicable to them. Considering the Missouri Supreme Court's analysis and decision, as well as the fact that each of the Does' obligation to register as a sex offender is derived from a conviction that predated the Halloween statute's enactment, we fail to see how any of the Officials could enforce the Halloween statute against the Does. This conclusion is bolstered by the lack of evidence that the Does are actually under a threat of arrest or prosecution after F.R. See Republican Party of Minn., Third Cong. Dist. v. Klobuchar, 381 F.3d 785, 790 (8th Cir. 2004) (concluding the plaintiff's claims were moot when the charges against its member were dismissed and "there [was] no evidence that the Party, or even one of its members, [was] under imminent threat of prosecution").

Given these circumstances, we agree with the district court that the Does' fear of arrest and prosecution under the Halloween statute is speculative and hypothetical and that there is no reasonable expectation that a prosecution based upon such an

arrest will occur. See D. Ct. Order of Oct. 27, 2010, at 5-6. The district court thus did not err in determining that the Does lacked standing and in dismissing the Does' second amended complaint for lack of subject matter jurisdiction. See Klobuchar, 381 F.3d at 789-90; see also Younger v. Harris, 401 U.S. 37, 42 (1971) ("A federal lawsuit to stop a prosecution in a state court is a serious matter. And persons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs in such cases.").

We turn finally to the Does' argument that if the Officials' "admission that Mo. Rev. Stat. § 589.426 cannot be enforced against Plaintiffs does not place a judicial imprimatur on those admissions, then the district court's dismissal of the second amended complaint should be reversed." The Does contend that this is an either/or decision, which requires that either the dismissal confer prevailing party status because it carries judicial imprimatur, or that there can be no mootness conclusion because the Officials are not bound by their promise not to enforce the Halloween statute against the Does. We do not agree. The order recognizes the Officials' declaration acknowledging that they are barred from enforcing the Halloween statute against the Does. No further demonstration of mootness was required. The order does not grant the type of relief on the merits that the Supreme Court has found is necessary to confer prevailing party status under § 1988, and the Does' citation to the recent Supreme Court opinion Already, LLC v. Nike, Inc., 133 S. Ct. 721 (2013), although confirming the determination of mootness, does not alter this conclusion.

III. CONCLUSION

We affirm the district court's order dismissing the Does' claims as moot. We reverse the district court's order granting the Does attorneys' fees and costs as prevailing parties under § 1988 and the corresponding amendment to the judgment.

_____