**UNITED STATES of America,**
**Plaintiff,**

v.

**THIRTY–TWO THOUSAND EIGHT HUNDRED TWENTY DOLLARS AND FIFTY–SIX CENTS ($32,820.56) IN UNITED STATES CURRENCY, Defendant.**

**No. C13–4102–LTS.**

United States District Court, N.D. Iowa, Western Division.

Signed May 22, 2015.

Martin J. McLaughlin, Matthew J. Cole, U.S. Attorney's Office, Cedar Rapids, IA, for Plaintiff.

Lawrence Salzman, Arlington, VA, Wesley Patrick Hottot, Bellevue, WA, for Defendant.

## ORDER

LEONARD T. STRAND, United States Magistrate Judge.

This case is before me on a motion (Doc. No. 32) for attorney fees, costs and interest (hereafter, collectively, Fees) filed by claimants Carole Hinders and Mrs. Lady's, Inc. (the Claimants). Plaintiff United States of America (the Government) has filed a resistance (Doc. No. 34) and the Claimants have filed a reply (Doc. No. 35). I heard oral arguments on April 23, 2015. The motion is now fully submitted and ready for decision.

## I. RELEVANT BACKGROUND

On May 20, 2013, the Government obtained a seizure warrant authorizing it to seize up to $139,380 in United States currency from a bank account at Northwest Bank. The Government executed the warrant on May 22, 2013, seizing $32,820.56 (the entire account balance). The account was owned by Mrs. Lady's, Inc.

On October 24, 2013, the Government commenced this civil in rem forfeiture action. The Government filed a verified complaint for forfeiture (Doc. No. 1) in which it alleged that the seized funds represented proceeds from structuring offenses committed by the Claimants. Based on the complaint and Internal Revenue Service (IRS) Task Force Officer Christopher Adkins' affidavit,[1] the court issued an order (Doc. No. 3) for warrant of arrest in rem on October 25, 2014. The warrant was issued the same day and directed the United States Department of the Treasury, Internal Revenue Services, Criminal Investigative Division, to maintain custody of the seized funds.

On November 13, 2013, the Claimants filed claims (Doc. Nos.4, 5) for the seized money. On November 22, 2013, the Claimants filed answers (Doc. Nos.6, 7) to the Government's complaint, denying the Government's allegation that the seized funds were the proceeds of structuring offenses and pleading certain affirmative defenses. This case was referred to me (Doc. No. 10) on March 13, 2014, after the parties unanimously consented to trial, disposition and judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(3).

The parties engaged in settlement negotiations throughout the discovery phase of the case, to no avail. After Hinders was deposed, the parties discussed the Government's possible filing of a motion to dismiss with prejudice. The Claimants requested that the motion contain no language stating that the parties would bear their own Fees. The Government indicated this was acceptable. However, the Claimants also requested that the motion include a "name clearing" statement. The Government objected to this request. The Claimants agreed not to depose Adkins on condition that the Government file its motion to dismiss.

On December 12, 2014, the Government advised the Claimants that it would be filing a motion to dismiss without prejudice, rather than with prejudice as previously discussed. The Claimants indicated that they intended to proceed with Adkins'

---

1. The affidavit stated that more than $315,000 was deposited into the Claimants' account between April 2012 and mid-February 2013, with no single deposit exceeding $10,000. The affidavit also asserted that the pattern of deposits suggested intentional structuring to avoid the preparation and submission of Currency Transaction Reports. According to the affidavit, Hinders admitted during an interview that she intentionally broke her deposits up into sums less than $10,000 to avoid making the bank fill out extra paperwork.

deposition. On December 13, 2014, the Government filed its motion (Doc. No. 25) to dismiss without prejudice. The Government then filed a motion (Doc. No. 26) to stay discovery. The Claimants filed a resistance (Doc. No. 28) to the motion to dismiss but indicated that they did not resist the motion to stay discovery.

On January 9, 2015, I granted the Government's motion to dismiss without prejudice. Doc. No. 30. On February 3, 2015, the Government filed a motion (Doc. No. 31) for the release of the seized funds. The following day, I granted that motion and ordered the IRS to return the funds in their entirety. Doc. No. 33.

## II. OVERVIEW OF THE DISPUTE

The Claimants argue they are entitled to Fees under the Civil Asset Forfeiture Reform Act of 2000, 28 U.S.C. § 2465 (CAFRA). As I will discuss further below, CAFRA mandates an award of Fees to a claimant who "substantially prevails" against the Government in a civil forfeiture action. The Claimants allege that they substantially prevailed by successfully challenging the forfeiture because the seized funds were returned to them and the in rem action was dismissed. They contend the dismissal is a material alteration of the legal relationship of the parties, even though it was a dismissal without prejudice.

In the alternative, the Claimants argue that if the fact that the case was dismissed without prejudice precludes a finding that they substantially prevailed, then the dismissal order should be reconsidered and modified to provide that the case was dismissed *with* prejudice. They contend a dismissal without prejudice was inappropriate if it caused them to suffer legal prejudice and argue that such prejudice occurred if the dismissal without prejudice extinguished their statutory right to recover Fees.

The Government contends the Claimants did not substantially prevail because they did not obtain an enforceable judgment that materially altered the legal relationship between the parties. The Government further asserts that because the dismissal was without prejudice, the parties' relationship is no different than it was prior to the commencement of this case. For example, the Government could re-file the case.

The Government also argues that the dismissal order should not be reconsidered or modified to be a dismissal with prejudice. The Government notes that I previously found (1) the dismissal was for a valid reason, (2) there was no indication of forum shopping or procedural gamesmanship, (3) dismissal would not waste judicial time and effort and (4) dismissal would not cause legal prejudice to the Claimants. The Government argues that if the dismissal order is modified, the purpose would be solely to accomplish indirectly what the court could not do directly.

## III. DISCUSSION

### A. Are the Claimants entitled to Fees under CAFRA?

CAFRA provides that in any civil proceeding to forfeit property under federal law in which the claimant substantially prevails, the United States shall be liable for reasonable attorney fees, litigation costs and interest. 28 U.S.C. § 2465(b)(1)(A)-(C). The Supreme Court has not defined "substantially prevails" within the context of CAFRA. However, in applying other statutory fee-shifting provisions, the Court has held that a party prevails when that party achieves a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)

(applying fee-shifting provision of the Fair Housing Amendments Act and the Americans with Disabilities Act[2]). The touchstone of the inquiry is whether there is a material alteration of the parties' legal relationship. *Sole v. Wyner,* 551 U.S. 74, 82, 127 S.Ct. 2188, 167 L.Ed.2d 1069 (2007).

The Eighth Circuit Court of Appeals has held, in an unpublished per curiam opinion, that the claimant in a forfeiture action was not a substantially prevailing party under CAFRA when the Government voluntarily dismissed that action without prejudice. *United States v. Dougherty,* 486 Fed.Appx. 621, 622 (8th Cir.2012). While *Dougherty* contains no analysis of the issue, its holding is consistent with the Eighth Circuit's decisions in analogous contexts. The court has applied *Buckhannon* strictly, holding that a party is considered a prevailing party only "if it receives an enforceable judgment on the merits or a consent decree." *Christina A. v. Bloomberg,* 315 F.3d 990, 993 (8th Cir.2003) (applying fee-shifting provision contained in 42 U.S.C. § 1988(b)[3]). The court applied this principle in *Doe v. Nixon,* 716 F.3d 1041 (8th Cir.2013), holding that the defendant's voluntary change of position, which resulted in a dismissal on mootness grounds, did not convey "prevailing party" status on the plaintiffs. *Id.* at 1050.

*Doe* was an injunctive relief action brought by a group of convicted sex offenders to challenge the retroactive application of a Missouri statute. *Id.* at 1045–46. While the case was pending, a decision by the Missouri Supreme Court in a similar case caused the defendants to concede that the plaintiffs' position was correct. *Id.* at 1047. After they filed a declaration admitting that the statute did not apply retroactively, the federal district court dismissed the case as moot. *Id.* The plaintiffs then moved for attorney fees and costs under 42 U.S.C. § 1988(b). The district court granted the motion, awarding a portion of the requested fees and costs. *Id.* On appeal, the Eighth Circuit reversed the award of fees and costs on grounds that the plaintiffs were not "prevailing parties." The court stated:

> The dismissal on mootness grounds in the instant case was not the result of the Does prevailing on the merits of any of their claims. Instead, it was the product of a voluntary change adopted by the Officials' in the face of the Missouri Supreme Court's decision in *F.R.* [*v. St. Charles County Sheriff's Dept.,* 301 S.W.3d 56 (Mo.2010)] Under these circumstances, the Does are not entitled to prevailing party status simply because the voluntary change in conduct is recognized in an order of dismissal.

*Id.* at 1050.

In *Sequa Corp. v. Cooper,* 245 F.3d 1036 (8th Cir.2001), the court upheld an award of costs (not including attorney fees) to the defendants after a voluntary dismissal without prejudice. Importantly, the court voiced disagreement "with the [district] court's conclusion that Sequa's voluntary dismissal of the action made defendants prevailing parties." *Id.* at 1037. However, the court upheld the award of costs, stating:

> [W]e note that Rule 54(d)(1) simply provides that ordinarily costs shall be allowed "as of course" to the prevailing party "unless the court otherwise directs." We do not read Rule 54(d)(1) as impairing the inherent authority of a trial court to award costs incurred in defending an action prior to its volun-

---

2. Both Acts provide that the court has discretion to award attorney fees and costs to "the prevailing party." 42 U.S.C. §§ 3613(c)(2) and 12205.

3. Section 1988(b) provides that the court has discretion to award attorney fees and costs to "the prevailing party" in certain civil rights cases. 42 U.S.C. § 1988(b).

tary dismissal by the plaintiff, *even though a voluntary dismissal without prejudice means that neither party can be said to have prevailed. See Cantrell v. Int'l Bhd. of Elec. Workers, Local 2021,* 69 F.3d 456, 458 (10th Cir.1995) (en banc) (holding that district courts have the discretion to award costs when a party dismisses an action, with or without prejudice). Here, defendants incurred costs in defending the action before Sequa took its voluntary dismissal. We are satisfied the district court did not abuse its discretion in allowing defendants to recover their costs.

*Id.* at 1037–38 [emphasis added].

Other federal courts have applied *Buckhannon* to hold that a voluntary dismissal without prejudice does not support an award of Fees under CAFRA. *See United States v. Any and All Funds on Deposit at JP Morgan Chase Account No. 31442003,* No. 12 Civ. 7530(GBD), 2013 WL 5511348, at *5 (S.D.N.Y. Oct. 2, 2013); *United States v. 115–98 Park Lane South,* No. 10 Civ. 3748(BMC), 2012 WL 3861221, at *3 (E.D.N.Y. Sept. 5, 2012); *United States v. 2007 BMW 335i Convertible,* 648 F.Supp.2d 944, 949 (N.D.Ohio 2009); *United States v. $13,275.21, More or Less, in United States Currency,* No. SA–06–CA–171–XR, 2007 WL 316455, at *4 (W.D.Tex. Jan. 31, 2007). The Claimants have cited no case awarding Fees under CAFRA after a dismissal without prejudice. Nor have I located such a case through independent research.

■ I have already held that the Government was entitled, under controlling law, to dismiss this action without prejudice. Doc. No. 30. In light of *Buckhannon, Dougherty* and the other authorities discussed above, I must conclude that the Claimants are not substantially-prevailing parties within the meaning of CAFRA. They did not obtain "an enforceable judgment on the merits or a consent decree."

*Christina A.,* 315 F.3d at 993. The dismissal without prejudice lacks the required judicial imprimatur to qualify as a material alteration of the parties' legal relationship. Because the Claimants did not substantially prevail, they are not entitled to an award of Fees under CAFRA.

I fully understand the Claimants' frustration with this situation. After seizing their money and causing them to incur substantial expenses over a long period of time to fight that seizure, the Government elected to drop the case, effectively saying "never mind." The return of the seized funds hardly makes the Claimants whole. Nonetheless, I have determined that the Government was within its legal rights to dismiss this case without prejudice. That dismissal, under current law, did not give rise to the "substantially-prevailing party" status necessary to award Fees to the Claimants under CAFRA. Perhaps Congress or a higher court will find it appropriate to allow relief under these circumstances. This court, however, lacks the authority to do so.

**B. Are the Claimants entitled to reconsideration of the dismissal order?**

■ The Claimants argue that a denial of Fees on grounds that the dismissal was without prejudice shows that they suffered legal prejudice because of that dismissal. They point out that plain legal prejudice is a basis to deny a motion for dismissal without prejudice. *See, e.g., Thatcher v. Hanover Ins. Grp., Inc.,* 659 F.3d 1212, 1213–14 (8th Cir.2011) (whether a dismissal will prejudice the defendant is a relevant factor in considering a motion to dismiss without prejudice). Thus, the Claimants argue, the order granting the motion to dismiss without prejudice should be revisited because it is now clear that the dismissal caused legal prejudice

by depriving them of an award of Fees under CAFRA.

The Claimants rely on a decision of the Ninth Circuit Court of Appeals, *United States v. Ito*, 472 Fed.Appx. 841 (9th Cir. 2012), to support this argument. Like *Dougherty, Ito* is an unpublished, per curiam opinion. In reversing the district court's order granting the Government's motion to dismiss a civil forfeiture action without prejudice, the court stated:

> The district court did not recognize that dismissal without prejudice precludes prevailing party status.... Without prevailing party status, the Itos were unable to bring their attorney's fees motion under [CAFRA]. The Itos suffered plain legal prejudice in losing their ability to move for attorney's fees.

*Id.* at 842 (citations omitted). A federal district court in Alabama had previously reached the same conclusion. *See United States v. Certain Real Property*, 543 F.Supp.2d 1291, 1292 (N.D.Ala.2008).[4] The Claimants ask that I follow the reasoning of these cases to reconsider the prior dismissal order and convert the dismissal to a dismissal *with* prejudice so as to permit an award of Fees under CAFRA.

There are two problems with this argument. First, it was not timely raised. In resisting the Government's motion to dismiss without prejudice, the Claimants did not argue that they would suffer legal prejudice in the form of a denial of Fees under CAFRA. Doc. No. 28. Instead, their argument concerning the prejudicial effect of a dismissal without prejudice was as follows, in its entirety:

> It would fundamentally prejudice Carole Hinders' defense to allow the United States to refile this case at some indeterminate date in the future. The mem-

ories of key witnesses will fade. In particular, the memory of the government's only witness will fade. Agent Adkins may not later remember what was said between him and Carole, and his written statements may therefore escape cross-examination based on his own memory of events. Carole is currently represented by pro bono counsel, but she may not be in future proceedings. Pro bono counsel is essential to Carole's defense because the $32,820.56 at issue is a small sum compared to the enormous expense of litigating against the United States. The government may be hoping that Carole's pro bono counsel will go away and that the public scrutiny currently shining on this case will dim with time. The government may also be forum shopping for another judge.

> Most importantly, granting a dismissal without prejudice would leave Carole fearful that she will be subject to ongoing investigation and harassment by the IRS. After wrongfully seizing her money and holding it for over a year and half, accusing Carole of criminal conduct, causing all sorts of problems for Carole and her business, and damaging her reputation, the United States now asks the Court for permission to escape from this case while still defending its position and preserving its ability to proceed against Carole again in the future. Rather than face these insults, delays, and uncertainties, Carole would rather resolve this case on the merits now. She did nothing wrong, has nothing to hide, and would welcome an opportunity to clear her good name, once and for all.

Doc. No. 28 at 9. The Claimants' only reference to an award of Fees under CAF-

---

**4.** In *Certain Real Property*, the Government initially moved to dismiss the civil forfeiture action *with* prejudice but withdrew that motion "after it realized that a dismissal with prejudice might entitle the claimants to recover their attorneys' fees and costs." 543 F.Supp.2d at 1292.

RA was a comment that they intended to apply for such Fees regardless of whether the dismissal was with or without prejudice. *Id.*

If the Claimants would have raised this issue in response to the Government's motion to dismiss, it could have been fully briefed and argued at that time. Unfortunately, that did not happen and the case has been dismissed without prejudice. Doc. No. 30. The Claimants have not explained their failure to raise the issue at the appropriate time. Nor have they shown good cause to allow them to advance a new argument long after the motion to dismiss has been decided. I find that the Claimants waived this argument and that reconsideration is therefore not appropriate.

Second, the *Ito* holding is not controlling and I find no indication that the Eighth Circuit Court of Appeals is likely to follow it. The Eighth Circuit has found legal prejudice, for purposes of considering a motion to dismiss without prejudice, when dismissal would cause the loss of a material advantage the resisting party would enjoy only if the pending action were to continue. *See, e.g., Metropolitan Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.,* 999 F.2d 1257, 1262–63 (8th Cir.1993) (the loss of a "proven, valid statute of limitations defense" is legal prejudice that would bar voluntary dismissal). The Claimants have cited no Eighth Circuit case, nor have I found one independently, holding that the potential loss of "prevailing party" status under a fee-shifting statute creates

legal prejudice so as to preclude a dismissal without prejudice.[5]

Finding plain legal prejudice on that basis would necessarily presume that the party resisting voluntary dismissal would have prevailed on the merits if the case continued to a conclusion. Perhaps that presumption would be appropriate under certain circumstances—such as a plaintiff filing a motion to dismiss without prejudice in response to a clearly-meritorious motion for summary judgment. As a general proposition, however, I cannot conclude that the Eighth Circuit would hold that a motion to dismiss without prejudice should be denied on grounds of legal prejudice simply because the nonmoving party might someday prevail and obtain an award under a fee-shifting statute.

For these reasons, I reject the Claimants' request to reconsider the dismissal order and convert the dismissal to a dismissal with prejudice. This case was properly dismissed without prejudice for the reasons set forth in the prior order.

### C. Should the court exercise its inherent power to award costs?

As noted above, the Eighth Circuit Court of Appeals has held that district courts have discretion to award costs after a voluntary dismissal without prejudice. *Sequa Corp.,* 245 F.3d at 1037–38. In *Sequa,* the district court awarded costs in favor of the defendant in the amount of $2,582.71 after the plaintiff dismissed the case without prejudice. While the Eighth Circuit reversed the district court's finding

---

5. The Claimants cite *Belle–Midwest, Inc. v. Missouri Property & Cas. Ins. Guarantee Ass'n,* 56 F.3d 977 (8th Cir.1995), which held that "under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees *if the case is refiled." Id.* at 979 [emphasis added]. *Belle–Midwest* is not on point, as it does not

stand for the proposition, as the Claimants argue, that a defendant suffers legal prejudice whenever a voluntary dismissal is granted without fee-shifting conditions. Moreover, the Claimants did not cite *Belle–Midwest* or request any fee-shifting conditions when they resisted the Government's motion to dismiss. Doc. No. 28.

that the defendant was the prevailing party, it upheld the award of costs based on "the inherent authority of a trial court to award costs incurred in defending an action prior to its voluntary dismissal by the plaintiff." *Id.* at 1037. This court, in reliance on *Sequa*, has awarded costs in the wake of a voluntary dismissal without prejudice. *Van Stelton v. Van Stelton*, No. C11–4045–MWB, 2015 WL 519171, at *3 (N.D.Iowa Feb. 9, 2015).

 I find that this case presents an appropriate occasion to exercise the court's inherent discretion to award costs. As discussed above, the Claimants were put to significant expense and inconvenience in fighting for the return of their seized funds before the Government elected to dismiss the forfeiture action without prejudice. The Government kept the Claimants' funds from them for nearly two years before changing course and abandoning its claim. While the Government had the right to do so, I find it appropriate to require that the Government repay the court costs the Claimants were forced to incur prior to the dismissal.

 Of course, this requires a determination of the recoverable amount of costs. The Claimants have submitted a list of litigation expenses totaling $4,057.63. Doc. No. 329 at 2. While the Government has objected to the award of any attorney fees or costs, it did not challenge any specific items. Nonetheless, I must consider which costs are, and are not, recoverable costs under federal law.

 The costs that can properly be awarded are described in 28 U.S.C. § 1920, which states:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. A district court may only award those costs "set out in 28 U.S.C. § 1920 or some other statutory authorization." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). Deposition transcription costs may be taxed so long as the deposition was "necessarily obtained for use in a case," as opposed to being "purely investigative." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir.2006) (quoting *Smith*, 436 F.3d at 889).

In the absence of any specific objections by the Government, I find that many of the Claimants' itemized expenses, such as those for deposition transcripts, court fees and printing and copying costs, are within the scope of Section 1920. Based on my review of the Claimants' itemized list (Doc. No. 32–9 at 2), I find the total amount of the Section 1920 costs to be $1,538.17.[6] The remaining claimed expenses are trav-

---

**6.** While the Claimants' list of expenses is not numbered, it contains 38 items. If they are numbered sequentially from 1 through 38, with number 1 being at the top, the items I find to be recoverable pursuant to Section 1920 are numbers 1, 23–24 and 27–38.

el-related expenses incurred in connection with counsels' visits to Iowa for client meetings and depositions. I do not doubt that these expenses were actually incurred. Nor do I doubt they would be appropriately chargeable to a fee-paying client. The issue, however, is whether travel expenses may properly be taxed as court costs against the opposing party.

■ Section 1920 does not authorize the taxation of travel expenses as costs. *See, e.g., Sturgill v. United Parcel Service, Inc.,* 512 F.3d 1024, 1036 (8th Cir.2008). Travel expenses may be awarded under certain circumstances when a fee-shifting statute applies, such as Title VII's fee-shifting provision. *Id.* Here, however, I have already concluded that the Claimants are not entitled to an award of attorney fees. Thus, any award of costs must be limited to those described in Section 1920. I am not able to include travel expenses in the costs taxed against the Government.

## IV. CONCLUSION

For the reasons set forth herein, the Claimants' motion (Doc. No. 32) for attorney fees, costs and interest is **granted in part** and **denied in part.** The motion is **granted** with regard to court costs. Costs in the amount of $1,538.17 are hereby taxed in favor of the Claimants and against the Government pursuant to the court's inherent authority to assess such costs. The motion is **denied** as to the Claimants' request for an award of attorney fees and interest.