BESOSA, District Judge.
Before the Court is claimant Reimundo Román-Benjamín ("Román")'s motion for attorney's fees pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 28 U.S.C. § 2465 et seq. (Docket No. 10.) For the reasons set forth below, Román's motion for attorney's fees is DENIED .
*280 The United States Customs and Boarder Protection filed an administrative forfeiture action against the following property: (1) 245 bills of US currency in the amount of $4,291.00; (2) a Caribe vessel with two 115 engines; and (3) ten rounds of .40 ammunition (hereinafter, "forfeited property"). (Docket No. 1.) Román filed a verified claim regarding the forfeited property pursuant to 18 U.S.C. § 983 (" section 983").[1] Subsequently, the United States voluntarily dismissed the administrative forfeiture action. (Docket No. 7.) (informing the Court that the United States "will not pursue civil forfeiture and will return the [forfeited property]").
Román requests attorney's fees pursuant to CAFRA. Attorney's fees are warranted "in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails ." 28 U.S.C. § 2465(b)(1) (emphasis added). The term "substantially prevails" does not encompass voluntary dismissal of an administrative forfeiture action. See United States v. $32,820.56 in U.S. Currency, 106 F. Supp. 3d 990, 995 (N.D. Iowa 2015) (holding that the claimant did not "substantially prevail" pursuant to CAFRA because "[t]he dismissal without prejudice lacks the required judicial imprimatur to quality as a material alteration of the parties' legal relationship"); aff'd, 838 F.3d 930 (8th Cir. 2016) (internal quotation and citation omitted).[2] Because Román did not substantially prevail, his motion for attorney's fees is DENIED .
IT IS SO ORDERED.

Section 983 provides that "[a]ny person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate officer after the seizure." 18 U.S.C. § 983(a)(2)(A).

See also United States v. Approximately $16.500.00 in U.S. Currency, 113 F. Supp. 3d 776, 784 (M.D. Pa. 2015) (holding that the claimant did "not qualify as a 'substantially prevailing' party under CAFRA" because the "government voluntarily dismissed the instant action without prejudice, an outcome which does not constitute an 'enforceable judgment on the merits") (citation omitted); United States v. Any & All Funds on Deposit at JPMorgan Chase Account No. 3144 2003, Case No. 12-7530, 2013 WL 5511348 *5, 2013 U.D. Dist. LEXIS 143918 *14-15 (S.D.N.Y. Oct. 2, 2013) (denying motion for attorney's fees pursuant to CAFRA because the "Government's voluntary dismissal of the complaint, although it results in the unfreezing of Claimant's funds, does not result in a judicially sanctioned change in the legal relationship of the parties").