**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3124

_____

United States of America,                      *
                                               *
             Appellee,                         *
                                               * Appeal from the United States
      v.                                       * District Court for the
                                               * Eastern District of Missouri.
Ronnie Furnish,                                *
                                               *        [UNPUBLISHED]
             Appellant.                        *

_____

Submitted: April 15, 1998

Filed: April 20, 1998

_____

Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

       After a jury found Ronnie Furnish guilty of conspiracy to distribute and possess with intent to distribute methamphetamine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, the district court sentenced him to 390 months in prison, five years supervised release, and a $3,000 fine. Mr. Furnish appealed, and we upheld his conviction, but remanded for resentencing because the evidence did not support a four-level increase of Mr. Furnish's base offense level for his role in the offense. See United

States v. Bryson, 110 F.3d 575, 585-86 (8th Cir. 1997). The district court[1] subsequently resentenced Furnish to 372 months in prison, five years supervised release, and a $3,000 fine.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing the new sentence is vindictive in violation of North Carolina v. Pearce, 395 U.S. 711 (1969). Reviewing for plain error, we conclude that no presumption of vindictiveness arises, because we disagree with counsel's contention that Mr. Furnish's sentence following his successful appeal is more severe than his original sentence. Cf. Alabama v. Smith, 490 U.S. 794, 798-99 (1989) (presumption of vindictiveness arises whenever judge imposes more severe sentence after appeal, unless reasons for doing so affirmatively appear); United States v. Vontsteen, 950 F.2d 1086, 1092-93 (5th Cir.) (en banc) (holding second sentence that is harsher than first is 'sine qua non' of Pearce vindictiveness claim, and contemporary objection is necessary to preserve such claim), cert. denied, 505 U.S. 1223 (1992).

In a pro se supplemental brief, Mr. Furnish argues the district court committed error when it overruled his objection to the quantity of drugs attributed to him for sentencing purposes. We decline to address this issue because Mr. Furnish did not raise it in his first appeal. See United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) (where defendant could have raised issue in prior appeal but did not, court later hearing same case need not consider matter). He also challenges the district court's failure at the resentencing hearing to consider a mitigating role adjustment, and to make findings in support of the fine imposed. However, Mr. Furnish failed to raise either of these issues during his original sentencing hearing. See United States v. Behler, 100 F.3d 632, 635 (8th Cir. 1996) (on remand, sentencing court is bound to proceed within scope of any limitations imposed by appellate court); United States v. Williams, 994 F.2d

---

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

1287, 1294 (8th Cir. 1993) (preserving issue is matter of making timely objection and clearly stating grounds for objection so that trial court has opportunity to prevent or correct error in first instance).

We have reviewed the resentencing proceedings in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and we have found no nonfrivolous issues. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.