**United States Court of Appeals**
**For the Eighth Circuit**

_____

**No. 03-2801**

_____

|  |  |  |
|---|---|---|
| | * | |
| Republican Party of Minnesota, | * | Appeal from the United |
| Third Congressional District, an | * | States District Court for |
| association, | * | the District of Minnesota |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Amy Klobuchar, in her official | * | |
| capacity as Hennepin County | * | |
| Attorney; Mike Fahey, in his | * | |
| official capacity as Carver County | * | |
| Attorney, | * | |
| | * | |
| Defendants - Appellees. | * | |
| | * | |

_____

Submitted: May 13, 2004
Filed: August 26, 2004

_____

Before WOLLMAN, HAMILTON[1], and BYE, Circuit Judges.

_____

HAMILTON, Circuit Judge

_____

[1]The Honorable Clyde H. Hamilton, United States Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

The Republican Party of Minnesota, Third Congressional District (the Party), brought this action alleging three as-applied challenges and one First Amendment facial overbreadth challenge to Minnesota Statute § 211B.06, subdivision 1. Minn. Stat. Ann. § 211B.06, subd. 1 (West Supp. 2004) (hereinafter referred to in text as § 211B.06, subdivision 1). The action follows and stems from the criminal prosecution of John Knight (Knight), a Party-endorsed candidate for Hennepin County, Minnesota Commissioner, District 6, who was charged under § 211B.06, subdivision 1 with four counts of making a false campaign statement about a political opponent in the fall of 2002.

The district court[2] held the Party lacked standing with respect to each of its claims, and therefore, dismissed the entire action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Alternatively, the district court dismissed the entire action pursuant to the <u>Younger</u> abstention doctrine. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

For reasons that follow, we affirm.

I.

In September 2002, Knight, Linda Koblick (Koblick), and other individuals ran for the non-partisan position of Hennepin County Commissioner, District 6. The Party endorsed Knight over Koblick in the race.[3] Five days before the primary

---

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

[3]The Party's territory totally encompasses Hennepin County Commissioner, District 6. "Membership" in the Party is defined as "all voters of the Third Congressional District who desire to support the objectives of the Republican Party," which objectives include furthering the principles of the Republican Party within the Third Congressional District and electing Republicans to federal, state and local office. (A.A. 78).

election, Koblick complained to the Hennepin County Attorney's Office (HCAO) that Knight's campaign had placed scripted telephone calls to potential voters falsely identifying Knight as the only Republican candidate in the race. According to Koblick, Knight knew she was a member of the Republican Party of Minnesota and the Party. She also claimed to have served in Party leadership positions, including being Party chair when he was elected vice chair. Koblick complained that Knight violated Minnesota Statute § 211B.06, subdivision 1 by claiming to be the only Republican candidate in the race.[4] In relevant part, § 211B.06, subdivision 1 provides:

> A person is guilty of a gross misdemeanor who intentionally participates in the preparation, dissemination, or broadcast of paid political advertising or campaign material with respect to the personal or political character or acts of a candidate . . . that is designed or tends to elect, injure, promote, or defeat a candidate for nomination or election to a public office . . . that is false, and that the person knows is false or communicates to others with reckless disregard of whether it is false.

Minn. Stat. Ann. § 211B.06, subd. 1 (West Supp. 2004).[5]

---

[4]Notably, according to the Party's first amended complaint, neither the Republican Party of Minnesota nor the Party maintains membership rolls, and the Party's constitution does not have a member removal mechanism except with respect to members who are on the Party's executive committee, a mechanism never used against Koblick.

[5]In State v. Jude, 554 N.W.2d 750 (Minn. Ct. App. 1996), Minnesota's intermediate appellate court held a prior version of this statute, not at issue here, unconstitutionally overbroad. Instead of the words "the person knows is false or communicates to others with reckless disregard of whether it is false," as contained in the current version, the unamended version contained the words "the person knows or has reason to believe is false," Minn. Stat. Ann. § 211B.06, subd. 1 (West 1992). The Jude court's overbreadth analysis focused on the unamended version's "reason to believe" language. Jude, 554 N.W.2d at 753. The Jude court concluded that this language potentially allowed punishment for some defamatory speech that was not published with actual malice, and therefore, the statute was unconstitutionally

- 3 -

Due to a conflict of interest, the County Attorney for HCAO, Amy Klobuchar (Hennepin County Attorney Klobuchar), referred Koblick's complaint to Michael Fahey, the County Attorney for neighboring Carver County (Carver County Attorney Fahey). Following an investigation conducted by the Carver County Attorney's Office, on January 9, 2003, a Carver County grand jury indicted Knight on four counts of violating Minnesota Statute § 211B.06, subdivision 1 by using knowingly false and misleading claims in his paid political advertising material.[6]

On January 30, 2003, the Party filed the present civil action on behalf of Knight and its other members, in the United States District Court for the District of Minnesota, against Hennepin County Attorney Klobuchar and Carver County Attorney Fahey (the Defendants), in their official capacities only. In Count I, the Party alleged that by prosecuting Knight the Defendants: (1) "are violating the Party's freedom of association rights to determine membership requirements and define what a Republican is"; and (2) "are chilling candidate-members and members of the Party from discussions regarding re-defining membership and what a Republican is for the 2004 and 2006 elections." (A.A. 69-70). In Count II, the Party alleged that by prosecuting Knight the Defendants, in violation of the First Amendment, are chilling its and Party members' free speech rights to declare who is or is not "a Republican." (A.A. 71). In Count III, the Party brought a First Amendment facial overbreadth challenge to § 211B.06, subdivision 1. Finally, in Count IV, added via an amended complaint, the Party alleged that certain statements made by counsel for Carver County Attorney Fahey after this case was filed have resulted in continued intimidation by the Defendants that has further chilled Party members' free speech and left them in fear of prosecution. The challenged statements

_____

overbroad. Id. at 754. The current version of § 211B.06, subdivision 1 was enacted in response to Jude.

[6]On February 7, 2003, Carver County Attorney Fahey dismissed the indictment and substituted a criminal complaint.

- 4 -

were to the effect that, in prosecuting Knight, the Defendants only did what the law required them to do. As relief, the Party's first amended complaint seeks: (1) a permanent injunction against the prosecution of Knight and its other members under § 211B.06, subdivision 1 for establishing Party membership requirements; (2) a declaration that § 211B.06, subdivision 1 is facially and as applied to the facts of this case unconstitutional; and (3) reimbursement for all litigation costs, expenses, and expert witness fees as allowed by law. Notably, the Party expressly alleged in its first amended complaint that it "did not and has not taken a position on whether John Knight was the only Republican candidate [in the race for Hennepin County Commissioner, District Number 6] . . . ." (A.A. 71).

The Defendants filed motions to dismiss the Party's first amended complaint on numerous grounds, including lack of standing and <u>Younger</u> abstention. Without addressing the other grounds raised by the Defendants, the district court dismissed the Party's first amended complaint on the ground that the Party lacked standing, <u>see</u> Fed. R. Civ. Proc. 12(b)(1), and, alternatively, on the ground of <u>Younger</u> abstention. The Party noted a timely appeal.

On September 5, 2003, during the pendency of this appeal, the state court dismissed <u>with prejudice</u> the four criminal charges against Knight for violating § 211B.06, subdivision 1. The dismissal with prejudice came as the result of Knight's fulfillment of an agreement to read a scripted apology into the court record and to make a total donation of $500 to nonpolitical charities.

II.

The gravamen of the Party's three as-applied First Amendment challenges is that Knight's § 211B.06, subdivision 1 prosecution for use of the telephone script claiming to be the lone Republican candidate in the race for Hennepin County Commissioner, District 6, is chilling it and its members from defining and expressing membership policies as well as making membership determinations. The district

court dismissed these three claims on the alternative grounds of lack of standing, <u>see</u> Fed. R. Civ. Proc. 12(b)(1), and <u>Younger</u> abstention. <u>See</u> <u>Younger</u>, 401 U.S. at 37. The Party challenges the district court's action as erroneous.

As previously set forth, while this case was pending on appeal, all criminal charges against John Knight for his alleged violations of § 211B.06, subdivision 1 have been dismissed <u>with prejudice</u>. This undisputed factual development raises the threshold jurisdictional issue of whether the Party's three claims alleging "as-applied" First Amendment challenges to § 211B.06, subdivision 1 (Counts I, II, and IV) should be dismissed as moot.

"In order to invoke the jurisdiction of the federal courts, the parties must demonstrate an actual, ongoing case or controversy within the meaning of Article III of the Constitution." <u>Iron Cloud v. Sullivan</u>, 984 F.2d 241, 242 (8th Cir. 1993) (internal quotation marks omitted). Federal courts are not empowered "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." <u>Church of Scientology v. United States</u>, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); <u>see also</u> <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (internal quotation marks omitted).

"A case becomes moot if it can be said with assurance that there is no reasonable expectation that the violation will recur or if interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." <u>Kennedy Building Assocs. v. Viacom, Inc.</u>, 375 F.3d 731, 745 (8th Cir. 2004). A narrow exception to the mootness doctrine exists when a dispute is capable of repetition yet evades review. <u>Webster Groves Sch. Dist. v. Pulitzer Publ'g. Co.</u>, 898 F.2d 1371, 1373-74 (8th Cir. 1990). A dispute is capable of repetition yet evades review when the challenged action is too short in duration for timely review and a reasonable

expectation exists that the complaining party will be subject to the same action again. Id.

For analytical purposes, Counts I, II, and IV are "as-applied" challenges under the First Amendment. An as-applied challenge consists of a challenge to the statute's application only as-applied to the party before the court. See generally City of Lakewood v. Plain Dealer Publ'g Co., 486 U.S. 750, 758-59 (1988). If an as-applied challenge is successful, the statute may not be applied to the challenger, but is otherwise enforceable. See id.

Here, each of the Party's as-applied challenges to § 211B.06, subdivision 1 (Counts I, II, and IV) hinges on Knight being prosecuted for allegedly violating § 211B.06, subdivision 1 by claiming to be the only Republican candidate in the race for Hennepin County Commissioner, District 6. Because all of the § 211B.06, subdivision 1 charges against Knight have been dismissed with prejudice, the chance of Knight being prosecuted again for such conduct is nil. Moreover, there is no evidence that the Party, or even one of its members, is under imminent threat of prosecution for violation of § 211B.06, subdivision 1 based upon the use of the telephone script. In short, we can say with fair assurance that there is no reasonable expectation that the alleged violation will recur. Accordingly, we hold that Counts I, II, and IV are moot.[7] Renne v. Geary, 501 U.S. 312, 320 (1991) (holding that respondents have "failed to demonstrate a live dispute involving the actual or threatened application of [state statute] to bar particular speech").

Finally, we reject any notion that Counts I, II, and IV fall within the mootness doctrine's narrow exception for claims capable-of-repetition-yet-evading-review.

---

[7]We note that Knight made an apology and a five hundred dollar charitable donation in connection with the case. The record suggests nothing other than he acted voluntarily in agreeing to these terms.

First, the charges against Knight were dismissed <u>with prejudice</u>. Second, the facts here suggest nothing more than rank speculation that any other member of the Party will be subjected to criminal prosecution under § 211B.06, subdivision 1 for participating in the telephone script operation.

In sum, we affirm, on mootness grounds, the district court's dismissal of Counts I, II, and IV.[8]

## III.

We next address the district court's dismissal of, for lack of standing, the Party's First Amendment facial overbreadth claim (Count III). The gravamen of the Party's First Amendment facial overbreadth claim is that § 211B.06, subdivision 1 chills it from engaging in party discussions regarding membership determinations and chills its members from repeating those determinations. We review a district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) <u>de novo</u>. <u>Hansen v. United States</u>, 248 F.3d 761, 763 (8th Cir. 2001).

"The aim of facial overbreadth analysis is to eliminate the deterrent or chilling effect an overbroad law may have on those contemplating conduct protected by the First Amendment." <u>Turchick v. United States</u>, 561 F.2d 719, 721 (8th Cir. 1977) (footnote and internal quotation marks omitted). Thus, "the overbreadth doctrine permits the facial invalidation of laws that inhibit the exercise of First Amendment rights if the impermissible applications of the law are substantial when judged in relation to the statute's plainly legitimate sweep." <u>City of Chicago v. Morales</u>, 527 U.S. 41, 52 (1999) (internal quotation marks omitted). We note, however, the Supreme Court's recent statement that facial challenges to criminal statutes on First

_____

[8]Given our affirmance of the district court's dismissal of the Party's as-applied First Amendment claims on mootness grounds, we express no opinion on the district court's alternative grounds for dismissal of these claims--<u>i.e.</u>, lack of standing and <u>Younger</u> abstention.

Amendment overbreadth grounds "are especially to be discouraged." <u>Sabri v. United States</u>, 124 S. Ct. 1941, 1948 (2004).  According to the Court:

> Not only do they invite judgments on fact-poor records, but they entail a further departure from the norms of adjudication in federal courts: overbreadth challenges call for relaxing familiar requirements of standing, to allow a determination that the law would be unconstitutionally applied to different parties and different circumstances from those at hand.

<u>Id.</u>

As we have previously stated, federal courts only have jurisdiction to hear actual cases and controversies.  U.S. Const. art. III, § 2, cl. 1.  "Standing is the threshold question in determining whether a federal court may hear a case." <u>Eckles v. City of Corydon</u>, 341 F.3d 762, 767 (8th Cir. 2003) (internal quotation marks omitted).  Thus, a party invoking federal jurisdiction, here the Party, has the burden of establishing standing to bring its First Amendment facial overbreadth claim. <u>Schanou v. Lancaster County Sch. Dist.</u>, 62 F.3d 1040, 1045 (8th Cir. 1995).  The following is the "'irreducible minimum,'" <u>United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.</u>, 517 U.S. 544, 551 (1996), of the constitutional standing requirements:

> First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61 (1992) (internal quotation and citation marks omitted) (alteration marks omitted). See also Friends of the Earth, Inc., v. Laidlaw Envtl. Serv. (TOC), Inc., 528 U.S. 167, 180-81 (2000).

With regard to a First Amendment facial overbreadth claim, actual injury can exist for standing purposes even if the plaintiff has not engaged in the prohibited expression as long as the plaintiff is objectively reasonably chilled from exercising his First Amendment right to free expression in order to avoid enforcement consequences. See Meese v. Keene, 481 U.S. 465, 473-75 (1987); Pittman v. Cole, 267 F.3d 1269, 1283 (11th Cir. 2001). A plaintiff suffers from an objectively reasonable chilling of his First Amendment right to free expression by a criminal statute only if there exists a credible threat of prosecution under that statute if the plaintiff actually engages in the prohibited expression. Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298-99, 301-03 (1979).

Additionally, of particular relevance in the present case, the facial overbreadth doctrine "is a departure from traditional rules of standing," Alexander v. United States, 509 U.S. 544, 555 (1993), such that a party whose own expressive conduct may be unprotected is allowed to assert the First Amendment rights of others not before the court because "broadly written statutes may have such a deterrent effect on free expression that they should be subject to challenge even by a party whose own conduct may be unprotected," Members of City Council of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 798 (1984). See also SOB, Inc. v. County of Benton, 317 F.3d 856, 864 (8th Cir. 2003) ("To prevent the chilling of protected First Amendment interests, [the overbreadth] doctrine permits an individual whose own speech or conduct may be prohibited to challenge a statute on its face because it also threatens others not before the court--those who desire to engage in legally protected expression but who may refrain from doing so." (internal quotation marks and ellipses omitted)).

The district court dismissed the Party's First Amendment facial overbreadth claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing, and therefore lack of subject matter jurisdiction, on the basis that the Party failed the injury-in-fact requirement of constitutional standing. We agree.

As stated previously, the gravamen of the Party's First Amendment facial overbreadth claim is that § 211B.06, subdivision 1 chills it from engaging in party discussions regarding membership determinations and chills its members from repeating those determinations. Assuming <u>arguendo</u> the Party can validly assert the First Amendment rights of its members, the Party lacks standing to bring its First Amendment facial overbreadth claim because although the Party has alleged an intention on behalf of itself and its members to engage in a course of conduct arguably affected with a constitutional interest, such course of conduct (<u>i.e.</u>, determining party membership and publishing party membership determinations) is not proscribed by § 211B.06, subdivision 1. There is nothing in the statute which prevents a political party from deciding who is and is not one of its members. Moreover, there is nothing in the statute which prevents a member of a political party from repeating a membership determination of that party. Finally, § 211B.06, subdivision 1 contains no language which can even arguably be construed to prohibit a political party from endorsing a particular political candidate. Therefore, neither the Party nor its members are subject to "a credible threat of prosecution" under § 211B.06, subdivision 1 for engaging in the conduct for which the Party invokes First Amendment protection. <u>Babbitt</u>, 442 U.S. at 298.

In sum, we hold the district court did not err in dismissing the Party's First Amendment facial overbreadth claim for lack of standing. Accordingly, we affirm the district court's dismissal of that claim (Count III).[9]

---

[9]Given our affirmance of the district court's dismissal of the Party's First Amendment facial overbreadth claim for lack of standing, we express no opinion on

- 11 -

IV.

In conclusion, we affirm the district court's dismissal of Counts I, II, III, and IV. We affirm the dismissal of Counts I, II, and IV as moot and affirm the dismissal of Count III for lack of standing.[10]

_____

the district court's alternative ground for dismissal of such claim, i.e., Younger abstention.

[10]The Party has moved to supplement the record with a copy of the official court transcript of the state court hearing at which the state court dismissed Knight's § 211B.06, subdivision 1 prosecution. We grant this motion. The Party has also moved to supplement the record with a copy of an order and memorandum of law in an unrelated Minnesota state court case the Party believed we would have a difficult time obtaining. We deny this motion.

The Defendants have moved to strike a September 1, 2003 newspaper article from the Addendum to the Party's opening brief regarding dismissal of Knight's § 211B.06, subdivision 1 prosecution and to strike the portions of the Party's brief which rely on the article. We deny this motion as moot.