# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2235
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Williams

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 25, 2020
Filed: September 30, 2020
_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

Christopher R. Williams pled guilty, without a plea agreement, to possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to 190 months in prison pursuant to the Armed Career

---

[1]The Honorable David G. Kays, United States District Judge for the Western District of Missouri.

Criminal Act (ACCA). He appeals, challenging his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

On September 13, 1995, Williams distributed cocaine base and was convicted of one count of violating RSMo § 195.211 in May 1999. On or about July 25, July 27, and August 1, 2000, Williams sold cocaine and was convicted of three counts of violating RSMo § 195.211 in October 2002. The presentence investigation report (PSR) concluded that Williams had "at least three prior convictions for a serious drug offense, which were committed on different occasions," thus authorizing an enhanced sentence under the ACCA—a statutory minimum of 180 months and a guidelines range of 180-210 months (which included a 3-level reduction for acceptance of responsibility).

Williams, by counsel, objected to the PSR's conclusion, arguing "[i]t was an ongoing business of dealing drugs" and that "because they were resolved the same day they constitute one continuous occasion and therefore he would only have two controlled substance convictions that count."

Before sentencing, Williams moved to proceed *pro se*. He asked the court to relieve his counsel because he thought she had not filed his "requested pretrial motion, in order to preserve Williams claims of relief before the United States Appellate Court, if necessary." He also claimed she had not "filed any objections to the presentence report, in accordance with Rule 32." Williams feared he had not objected to the PSR and would lose his right to appeal. His memorandum in support of his motion argued that the evidence did not support another (non-ACCA) enhancement and that he was not an armed career criminal. The district court denied the motion.

At sentencing, Williams renewed his motion to proceed *pro se*, again seeking to preserve his objections to the PSR. His counsel said the objections were already

raised on his behalf, which she was prepared to argue. Finding the objections already raised, the district court denied the motion. After argument, the district court overruled the objections. The government and defense counsel both recommended a 15-year sentence, the bottom of the guidelines range.

Offered a chance to speak, Williams said that he "did not get a chance to place my objection to the court of my Rule 32," that counsel refused to present his objections, and that when he asked her to withdraw, she refused. He repeated his fear about preserving his claims. The government asked to reconsider its sentencing recommendation and suggested a *Faretta* hearing to determine whether Williams could represent himself. The district court reminded Williams that it overruled his objections, and the government had recommended the lowest end of the guidelines. The court explained, "15 to life is the statutory range. The guideline range is 180 to 210." He told Williams that "based on my findings, you have to get at least 15 years," but that if they proceed with the hearing, the government may reconsider its recommendation of 180 months. His counsel added that she had addressed "all of the issues."

The court then allowed the hearing to proceed, saying, "So there you go, Mr. Williams. We're going to play your game with you. They've just withdrawn their recommendation." After several questions to Williams about representing himself, he finally decided not to represent himself, recognizing his objections were preserved. Calling a "timeout" to reconsider, the government made "a new recommendation based on the defendant's comments regarding his appeal and his confidence in the success of that appeal." The government said that it "reflects on the genuineness of his acceptance of responsibility in this case." The government then recommended 16 years (192 months).

Williams's counsel asked for 180 months, arguing that "the 20 minutes it took him to come to the realization that his appeal would be preserved" should not cost him another year in prison. Williams himself said he "never intended to harm the

Court in any type of way whatsoever, nor tried to manipulate it." The court, after considering the 18 U.S.C. § 3553(a) factors, sentenced Williams to 190 months.

On appeal, Williams argues that the government's increased sentencing recommendation and the district court's sentence were vindictive, denying him due process, and that his Sixth Amendment rights were violated when the district court, not a jury, determined that his prior drug offenses occurred on different occasions.

II.

In the district court, Williams did not claim that the government's sentencing recommendation and the district court's sentence were vindictive and denied him due process, so this court reviews for plain error. *United States v. Washburn*, 444 F.3d 1007, 1011 (8th Cir. 2006) (reviewing claim of prosecutorial vindictiveness for plain error where defendant did not object to an additional superseding indictment before retrial); *United States v. Furnish*, 141 F.3d 1171, 1171 (8th Cir. 1998) (per curiam) (table opinion, text at 1998 WL 184444), *citing United States v. Vontsteen*, 950 F.2d 1086, 1093 (5th Cir. 1992) (en banc) (holding that "contemporaneous objection was necessary to preserve" vindictiveness claim). Plain error review is governed by a four-part test.

> [B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc).

Williams argues (1) the record shows actual vindictiveness by the government and (2) the district court's acts require a presumption that it vindictively sentenced him to 190 months, rather than the 180 months initially recommended by the

government. He insists that the government's increased sentencing recommendation was in "retaliation" for Williams's request to proceed *pro se* and his insistence on repeating PSR objections on the record to preserve them for appeal, and that the district court "expressed annoyance with Williams," making comments showing a vindictive motive.

A.

"Although the government may take action to punish a defendant for committing a crime, punishing a defendant for exercising his valid legal rights is impermissible prosecutorial vindictiveness." **United States v. Campbell**, 410 F.3d 456, 461 (8th Cir. 2005). However, the defendant's evidentiary "burden is a heavy one, and we recognize the broad discretion given to prosecutors in enforcing criminal statutes." **Id.**

True, the government initially recommended 180 months in prison—the statutory minimum—and increased its recommendation after Williams repeatedly made his objections. However, the government also said his acts reflected on his acceptance of responsibility. *Cf.* **U.S.S.G. § 3E1.1**, cmt. n.3. (evidence of acceptance of responsibility "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility"). *See generally* **Campbell**, 410 F.3d at 462 ("A presumption does not arise just because action detrimental to the defendant was taken after the exercise of the defendant's legal rights; the context must also present a reasonable likelihood of vindictiveness.").

Revising a sentencing recommendation for a legitimate reason during a sentencing hearing is not prosecutorial vindictiveness. *See id.*, at 462 (finding no prosecutorial vindictiveness if the prosecutor's decision is based on some objective reason other than to punish the defendant for exercising his legal rights). *See generally* **Koski v. Samaha**, 648 F.2d 790, 797 (1st Cir. 1981) (in two tier system, defendant exercised right de novo trial, and the prosecutor recommended a higher sentence than previously given on the identical charge) ("To overturn a conviction

or vacate a sentence on the theory that it was tainted by 'vindictiveness' in the prosecutor's actual or threatened recommendation is to suggest that it was the prosecutor not the judge who was running the court."), *relying on **Bordenkircher v. Hayes***, 434 U.S. 357, 365 (1978) (holding that a plea-bargaining prosecutor did not violate due process by threatening a more serious charge (under a recidivist statute) if defendant did not plead guilty); ***United States v. Goodwin***, 457 U.S. 368, 380-81 (1982) (finding no evidence of actual vindictiveness after a pretrial decision to modify charges against the defendant because the prosecutor "never suggested that the charge was brought to influence the respondent's conduct").

## B.

Williams asserts that the district court's statements that Williams was "chasing rabbits" and (twice) "wants to play some games" demonstrates "actual vindictive motive, or, at minimum, a reasonable likelihood of a vindictive motive." After defense counsel referred to (paid) advice from another prisoner, the district court said, "I usually encourage people not to listen to the jailbirds, to listen to the lawyers." The court explained to Williams that the government had implied that it could be to his disadvantage to insist that he repeat the objections his lawyer had already made, noting:

> He's recommended the lowest end of the guidelines for you, which is 180 months, which I thought was very generous of the Government.
>
> The Government's saying, listen, if Mr. Williams wants to play some games here, maybe we should go ahead and exhaust this and chase these rabbits, and their recommendation might be different.

Williams seeks a presumption of judicial vindictiveness, but it does not apply if the judge has no personal stake in prior proceedings. *See **United States v. Fry***, 792 F.3d 884, 890 (8th Cir. 2015) (no presumption where defendant complained

about "a disparity of sentences imposed on two different people"); ***Texas v. McCullough***, 475 U.S 134, 139 (1986) (judge who grants motion for new trial has no personal stake and may resentence after new trial); ***Colten v. Kentucky***, 407 U.S. 104, 117 (1972) (no presumption after defendant receives a higher sentence, in a two-tiered system (trial *de novo* in a superior court) due to the "completely fresh determination of guilt and innocence"). The cases Williams cites about the presumption all involve an unexplained higher sentence after retrial. *See **North Carolina v. Pearce***, 395 U.S. 711, 723-25 (1969) (retrial after reversal on appeal); ***Alabama v. Smith***, 490 U.S. 794, 798-99 (1989) (explaining "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for him doing so must affirmatively appear. . . . Otherwise, a presumption arises that . . . must be rebutted by objective information . . . justifying the increased sentence") (internal quotation marks omitted). The Supreme Court makes clear that the presumption was not designed to prevent a higher sentence "for some valid reason associated with the need for flexibility and discretion in the sentencing process," but was "premised on the apparent need to guard against vindictiveness in the resentencing process." ***Chaffin v. Stynchcombe***, 412 U.S. 17, 25 (1973).

As for actual vindictiveness, this court has never held an initial sentence to be "vindictive." *See **Waring v. Delo***, 7 F.3d 753, 758 (8th Cir. 1993) (use of an insulting vernacular while sentencing did not support the conclusion that district court became angry at defendant for moving to withdraw his guilty plea). Williams cites no case holding an initial sentence vindictive in a way that denies due process. *See **United States v. Anderson***, 440 F.3d 1013, 1016 (8th Cir. 2006) ("The rule suggested by these cases makes sense because the motivation to be vindictive arises when a judge with a personal stake in the prior proceedings is asked to do over what [he or she] thought [he or she] had already done correctly.") (internal quotation marks omitted).

Regardless, Williams cannot show that his substantial rights were affected. The district court considered the sentencing factors at length, stressing those important to the sentence.

"So I've considered all the factors under 18 U.S.C. 3553(a). You've got eight prior felonies, right, before this one? This is your ninth felony. It's all involving dope. This goes to your history and your characteristics.

. . . .

The factors that are important here are the nature and circumstances of this offense, the different types of drugs you had, the fact that you had the gun for three years, according to your admission. Understandable being in the drug business as long as you have been, it's understandable that you want a gun to help you with the drug business. The need for the sentence imposed reflects the seriousness of the offense, promotes respect for the law and provides just punishment, the need for adequate deterrence is important in this case. The need to protect the public from further crimes is of paramount importance in this case.

The district court then imposed a within-guidelines sentence two months below the government's recommendation, and ten months more than the statutory minimum.

Under these facts, on plain error review, Williams does not meet the "heavy" burden of demonstrating his sentence was vindictive. *See Campbell*, 410 F.3d at 461. *See generally Litecky v. United States*, 510 U.S. 540, 555 (1994) ("judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge"); *Waring*, 7 F.3d at 759-60 ("Given the presumption of judicial impartiality we will not assume that a judicial officer's action was based on an unconstitutional grudge, rather than the proper legal basis that he stated on the record at the time the action was taken.").

III.

Williams argues that the district court violated his constitutional rights to due process and a jury trial by finding that his prior convictions occurred on different occasions, precipitating an ACCA sentence. This court reviews de novo the district court's application of the ACCA enhancement. *United States v. Wyatt*, 853 F.3d 454, 458 (8th Cir. 2017).

"The ACCA establishes a fifteen-year minimum prison sentence for any person who violates § 922(g) and 'has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." *Id.*, *citing* **18 U.S.C. § 924(e)(1)**. Here, the PSR reported that Williams was convicted four times of violating Missouri Revised Statute § 195.211, a serious drug offense under the ACCA. *See United States v. Brown*, 408 F.3d 1016, 1018 (8th Cir. 2005). The PSR separately details sales of a controlled substance on or about September 13, 1995; July 25, 2000; July 27, 2000; and August 1, 2000. Williams acknowledges he "did not challenge any factual allegations set forth in the PSR" and "did not contest any factual allegation . . . contained in the PSR." *See* **Fed. R. Crim. P. 32(i)(3)(A)** (at sentencing, the court "may accept any undisputed portion of the presentence report as a finding of fact"). The district court determined that Williams's prior convictions occurred on four different occasions and applied the ACCA enhancement.

Williams argues that this determination is a fact to be decided by a jury, not the judge. This argument is foreclosed by precedent. The Supreme Court rejected the constitutional claim that "recidivism must be treated as an element of [petitioner's] offense," and therefore presented to a jury for proof beyond a reasonable doubt. *Almendarez-Torres v. United States*, 523 U.S. 224, 248 (1998). *Almendarez-Torres* "stands for the proposition that not every fact expanding a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged." *Jones v. United States*, 526 U.S. 227, 248 (1999). Interpreting *Almendarez-Torres*, this court

holds that a sentencing court may determine whether potential ACCA-predicate offenses occurred on "different occasions." *See **United States v. Harris***, 794 F.3d 885, 887 (8th Cir. 2015) (holding no violation of the Sixth Amendment when the district court found prior offenses were committed on different occasions without requiring proof beyond a reasonable doubt to a jury); ***United States v. Evans***, 738 F.3d 935, 936-37 (8th Cir. 2014) (same) (collecting cases).

Williams also argues that to determine the dates, the district court erred in relying on the PSR, which summarizes the state "Information" (substitute for indictment) and the judgment. This court rejected this argument in ***United States v. Richardson***, 483 Fed. Appx. 302, 305 (8th Cir. 2012) (per curiam) (rejecting an argument that the sentencing court's use of the dates in the PSR to determine the dates of the predicate offenses violated the defendant's Sixth Amendment rights), *approved in **Evans***, 738 F.3d at 936. *See **United States v. Boyd***, 956 F.3d 988, 991-92 (8th Cir. 2020) (district court did not err in relying on police reports for sentencing when the reports were described in the PSR and defendant did not object to them before the district court).

The district court did not err by deciding, without a jury, that Williams's four prior serious drug offenses were "committed on occasions different from one another."

\* \* \* \* \* \* \*

The judgment is affirmed.

_____