## United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-2298

_____

United States of America

*Plaintiff - Appellee*

v.

Dennie Morris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: February 19, 2021
Filed: April 30, 2021

_____

Before SMITH, Chief Judge, WOLLMAN and STRAS, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Dennie Morris entered a conditional guilty plea to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B)(viii). He now appeals the district court's[1] denial of his motion to suppress evidence. We affirm.

Deputy Justin Parker of the Garland County, Arkansas Sheriff's Office initiated a speeding-violation traffic stop of Morris's pickup truck on August 21, 2017. Morris lacked identification but supplied his name to Deputy Parker, who subsequently discovered a valid outstanding warrant for Morris's arrest. Deputy Parker then placed Morris under arrest and asked if he had a preferred towing service to transport his vehicle. Morris responded that he preferred Martin's Towing, which dispatch successfully contacted and directed to the vehicle's location.

As he was patting Morris down before placing him in the back of the patrol car, Deputy Parker found a large sum of money—consisting of $20- and $100-dollar bills—in Morris's front pocket. At Morris's request, Deputy Parker retrieved a cell phone and some additional cash from the pickup's front seat. Deputy Parker then conducted a warrantless search of the vehicle, during which he discovered under the front seat a drawstring bag containing a digital scale, bundles of one-dollar bills, and a plastic bag containing methamphetamine, whereupon he called the Drug Task Force, which directed that the vehicle be towed by Martin's and placed under hold at Martin's lot. After being advised of his <u>Miranda</u> rights at the Garland County Detention Center, Morris made incriminating statements while being interviewed by a Task Force agent.

Morris moved to suppress on constitutional grounds both the evidence discovered during the vehicle search and the later statements made to the Task Force agent. At the suppression hearing, the government introduced the Garland County Sheriff's Office's Vehicle Tow and Wrecker Service Policy, which sets forth the

---

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

office's "policy guidelines regarding the towing of vehicles taken into custody or otherwise under legal control by employees of this [d]epartment." The policy provides that an officer will conduct a vehicle inventory when the driver is arrested and the officer takes control of the vehicle and tows it. The policy also requires that when a vehicle is towed at an officer's direction, the officer complete inventory and tow reports. The government did not introduce evidence that Deputy Parker had completed either report, but it did offer into evidence an "auto storage report" and the tow receipt. The district court found that the auto storage report "fail[ed] to strictly follow the [Garland County Sheriff's Office's] policies regarding the information that must be included in the towing and inventory reports." D. Ct. Order of Aug. 6, 2019, at 9. It nevertheless denied Morris's motion, concluding that, under the totality of the circumstances, Deputy Parker's inventory search was reasonable and had been conducted in good faith. Id. at 10.

"In reviewing the denial of a motion to suppress, we review the district court's findings of fact for clear error and its legal conclusions *de novo*." United States v. Woods, 829 F.3d 675, 678 (8th Cir. 2016). The Fourth Amendment's protection from unreasonable search and seizure extends to automobiles. South Dakota v. Opperman, 428 U.S. 364, 367 (1976). "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." United States v. Marshall, 986 F.2d 1171, 1173 (8th Cir. 1993) (quoting Mincey v. Arizona, 437 U.S. 385, 390 (1978)). "After lawfully taking custody of an automobile, police may search the automobile without a warrant to produce an inventory of the automobile's contents." United States v. Mayfield, 161 F.3d 1143, 1145 (8th Cir. 1998); see Opperman, 428 U.S. at 368 (recognizing the inventory exception as justified by the police's community caretaking function rather than its investigatory function). "[T]he central inquiry is whether the inventory search is reasonable under all the facts and circumstances of the particular case." Marshall, 986 F.2d at 1174.

Morris first contends that Deputy Parker's search could not have been a valid inventory search because Morris maintained constructive possession of the vehicle while awaiting the tow truck's arrival. Morris argues that because he was allowed to select a towing company, the vehicle was not "impounded or otherwise in lawful police custody," Opperman, 428 U.S. at 373, at the time of the search. We disagree. There is no dispute that Morris was under arrest and in the back of the patrol vehicle during the search, that no one else was present to take possession of the vehicle, and that Deputy Parker made the decision to tow the vehicle. See United States v. Martin, 982 F.2d 1236, 1240 (8th Cir. 1993) ("Police may take protective custody of a vehicle when they have arrested its occupants . . . ."). Morris's request that Deputy Parker retrieve his cash and phone from the vehicle further indicates that Morris did not expect to retain custody over the vehicle and its contents during the towing process. The district court thus did not clearly err in finding that Morris had not maintained control or possession of the vehicle while awaiting the tow truck's arrival.

Because the vehicle was "otherwise in lawful police custody," and there is no dispute that Deputy Parker's initial decision to tow the vehicle was reasonable under the department's policy, we turn to whether Deputy Parker's inventory search was reasonable. "[I]nventory searches conducted according to standardized police procedures, which vitiate concerns of an investigatory motive or excessive discretion, are reasonable." Marshall, 986 F.2d at 1174. Failure to follow standard procedures does not always render an inventory search unreasonable, however. Mayfield, 161 F.3d at 1145. An inventory search may still be reasonable so long as it is not pretext or raised as a "ruse for a general rummaging in order to discover incriminating evidence," Florida v. Wells, 495 U.S. 1, 4 (1990).

Once Deputy Parker arrested Morris and took control of the vehicle, the policy required that he conduct an inventory of the vehicle. Morris argues that Deputy Parker's search was nevertheless unreasonable because a separate policy provision provides that "an inventory shall not be required" when the vehicle is released to "a

-4-

responsible and reasonable person at the request of the owner." Nothing in the policy suggests that using the driver's preferred tow company constitutes the equivalent of releasing the vehicle to "a responsible and reasonable person at the request of the owner," and other of the policy's requirements belie such a conclusion. The policy requires that the officer "insure [sic] the protection of vehicle owners from unethical or unfair business practices on the part of the private wrecker companies whose services are authorized" and "make all effort to ensure the safe care of the towed vehicle and valuables within the vehicle." Deputy Parker testified that the policy's inventory requirement is designed to establish the vehicle's contents at the time of the stop and at the time of release to a tow driver. As Deputy Parker stated, the inventory "protects [the officer] and also keeps the tow company honest." See Mayfield, 161 F.3d at 1145 (the inventory is justified by, among other things, "governmental interests in . . . protecting the police against claims or disputes over lost or stolen property"); Marshall, 986 F.2d at 1174 ("[T]he inventory protected the police, tow truck driver, and impound lot employees from claims that they had lost or stolen the [vehicle's] contents."). See also Illinois v. Lafayette, 462 U.S. 640, 648 (1983) ("We are hardly in a position to second-guess police departments as to what practical administrative method will best deter theft by and false claims against its employees . . . ."). We accordingly conclude that Deputy Parker's initial decision to search the vehicle was reasonable.

Citing the district court's finding that "the inventory search was not conducted pursuant to standardized police procedures," D. Ct. Order of Aug. 6, 2019, at 9, Morris argues that the search constituted a pretextual concealment of an investigatory motive. As recounted earlier, a failure to follow standard procedures does not ineluctably render a search unreasonable. Mayfield, 161 F.3d at 1145 (internal citations omitted). Rather, "[t]here must be something else; something to suggest the police raised the inventory-search banner in an after-the-fact attempt to justify a simple investigatory search for incriminating evidence." United States v. Nevatt, 960 F.3d 1015, 1020 (8th Cir. 2020) (per curiam) (quoting United States v. Smith, 715

F.3d 1110, 1117–18 (8th Cir. 2013)).  Beyond Deputy Parker's failure to complete the required reports, Morris offers as proof of pretext only Deputy Parker's testimony that the amount of cash raised his suspicions that drugs were involved.  But see United States v. Agofsky, 20 F.3d 866, 873 (8th Cir. 1994) ("The presence of an investigatory motive, even if proven, does not invalidate an otherwise lawful inventory search.").  The district court found Deputy Parker to be a credible witness and that he had believed that an inventory was necessary to disincentivize the towing service from damaging or stealing personal property.  D. Ct. Order of Aug. 6, 2019, at 9–10.  The search was thus reasonable and the district court did not clearly err in concluding that the need to conduct an inventory of the vehicle's contents did not constitute a pretext for an investigatory search.

The judgment is affirmed.

_____